**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANTHONY SUMMERS, <br> TDCJ # 02151376, <br><br> Plaintiff, <br><br> VS. <br><br> LORIE DAVIS, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 3:18-00148 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Summers, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brought this lawsuit alleging violation of his civil rights. On June 22, 2018, after screening the pleadings as required by the Prisoner Litigation Reform Act, this Court dismissed the complaint *sua sponte* (Dkt. 9) and entered final judgment for Defendants (Dkt. 10). *See* 28 U.S.C. § 1915A(b). On July 20, 2018, Plaintiff filed two documents: (1) a motion to reinstate, for a hearing, and for due process, among other relief (Dkt. 17), and (2) an "Objection to Memorandum Opinion and Order, Motion for Rehearing and To Be at Hearing" (Dkt. 18). The Court construes these filings as timely motions under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment.

Rule 59(e) serves the narrow purpose of allowing a party to bring errors of newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A motion for reconsideration under Rule 59(e) "is not the proper vehicle for

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, a Rule 59(e) motion challenging a judgment entered on the pleadings is informed by the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Under Rule 15(a), leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id*. at 864 (internal citation, quotation marks, and alteration omitted). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (quotation marks omitted).

The Court's previous opinion addressed Summers' claims regarding TDCJ's administrative grievance procedures and processing, access to courts, retaliation by prison officials, and various conclusory allegations. After careful examination and consideration of the relevant authorities, the Court dismissed Summers' claims because they were frivolous and failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983 (Dkt. 9, at 7-13). Summer's current motions raise multiple arguments,

including that Summers was sexually assaulted by a person who is not a defendant in this action; that unspecified persons denied him due process in TDCJ's grievance procedures; that unnamed TDCJ officials destroyed his legal and personal property; that unnamed TDCJ officials denied him access to law books, postage stamps, and other legal supplies; that the TDCJ ombudsman and this Court have refused to investigate his complaints; that an unnamed person wrote a disciplinary case against him at an unspecified time because he had a seizure; and that he lost good-time credits because he had a seizure.

To the extent Summers' current motions relate to claims asserted in his pleadings, the Court carefully considered his arguments and addressed the arguments in its memorandum opinion (Dkt. 9). None of the grounds asserted in Plaintiff's current motion would alter the Court's ruling that dismissal of his claims was warranted under 28 U.S.C. § 1915A(b) because, even considering the allegations in the current motion, Summers has failed to plead the essential elements of his claims of due process, access to courts, and retaliation. As for arguments in the motions that relate to claims Summers did not make before dismissal of his claims, Summers provides no reason why such arguments could not have been offered or raised previously. *See Templet*, 367 F.3d at 479 (a motion for reconsideration is not the proper vehicle to make arguments that could have been raised previously). To the extent his current motions could be construed as a request for leave to amend his pleadings, the motion would be denied because he has failed to show diligence and because his amendment would be futile. *See Rosenzweig*, 332 F.3d at 865. The Court is satisfied, after careful review of Summer's motions and all

matters of record, that he has pleaded his best case. *See Jacquez*, 801 F.2d at 793; *Bazrowx*, 136 F.3d at 1054.

Summers' motions for reconsideration (Dkt. 17, Dkt. 18) are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____, 2018.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE